```
 1  Matthew B. Lehr (Bar No. 213139)
    Anthony I. Fenwick (Bar No. 158667)
 2  Veronica C. Abreu (Bar No. 251002)
    David Lisson (Bar No. 250994)
 3  DAVIS POLK & WARDWELL
    1600 El Camino Real
 4  Menlo Park, California  94025
    Telephone:  (650) 752-2000
 5  Facsimile:   (650) 752-2111
 6  Attorneys for Defendants ENERGIZER
    HOLDINGS INC. and EVEREADY BATTERY
 7  COMPANY, INC.
```

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>               Plaintiff,<br><br>     v.<br><br>ENERGIZER HOLDINGS INC., a Missouri corporation; EVEREADY BATTERY COMPANY, INC.; and DOES 1-100,<br><br>               Defendants. | Case No.:  07 CV 2321 BTM (CAB)<br><br>DEFENDANTS ENERGIZER HOLDINGS INC. and EVEREADY BATTERY COMPANY, INC.'S ANSWER AND COUNTERCLAIMS<br><br>DEMAND FOR JURY TRIAL |

**DEFENDANTS ENERGIZER HOLDINGS INC. AND EVEREADY BATTERY COMPANY INC.'S ANSWER AND COUNTERCLAIMS**

Pursuant to Fed. R. Civ. P. 12(a) and 13, Defendants Energizer Holdings Inc. ("Energizer") and Eveready Battery Company, Inc. ("Eveready") (collectively, "the Energizer Defendants") file the following answer, affirmative defenses and counterclaims to the Complaint For Patent Infringement filed by Plaintiff Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust ("Sorensen" or "Plaintiff") on December 11, 2007.

**ANSWER**

1. Admitted that a document purporting to be a copy of United States Patent No. 4,935,184 ("the '184 patent") is attached to the Complaint as Exhibit A. The Energizer Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 1 of the Complaint, and therefore deny the same.

2. Admitted.

3. Admitted.

3A. The allegations in paragraph 3A are not directed to the Energizer Defendants and therefore no answer is required. To the extent an answer is deemed to be required, the Energizer Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of the Complaint, and therefore deny the same.

4. The Energizer Defendants aver that paragraph 4's allegations are insufficiently clear or precise to permit a meaningful response, and therefore deny the same. To the extent those allegations constitute legal conclusions or are directed to defendants other than the Energizer Defendants, no response is required.

5. Admitted that Sorensen purports to assert a claim for patent infringement arising under the laws of the United States of America, 35 U.S.C. §1 et seq. and that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332(a) and 1338(a). To the extent, however, that any of these allegations are intended as a basis for liability as to the Energizer Defendants, they are denied.

6. Admitted that venue is proper in this Court as to the Energizer Defendants for purposes of the instant litigation. All other allegations in paragraph 6 are denied.

7. Admitted that this Court has personal jurisdiction over the Energizer Defendants for purposes of the instant litigation. All other allegations in paragraph 7 are denied.

8. The Energizer Defendants restate and re-allege the answers contained in paragraphs 1 through 7 above, and incorporate them by reference.

9. Admitted that on its face, the '184 patent is entitled "Stabilized Injection Molding When Using a Common Mold Part With Separate Complimentary Mold Parts," and shows an

1  issuance date of June 19, 1990.  To the extent these allegations purport to describe the '184 Patent,

2  the Energizer Defendants refer to the document for its content.

3      10.    The Energizer Defendants aver that one or more subsidiaries of Eveready have made

4  and imported products, including the Energizer Hardcase Lantern TUF4D1H Model No. 402-412,

5  that are offered for sale and sold in the United States by Eveready and/or one or more of its

6  subsidiaries.  The Energizer Defendants deny that any such product is manufactured through

7  processes which infringe upon the '184 patent.  All remaining allegations are denied as to the

8  Energizer Defendants.  To the extent such allegations are not directed at the Energizer Defendants,

9  no answer is required.

10      11.    Admitted that the Energizer Defendants have not obtained a license under the '184

11  patent.  The Energizer Defendants deny that any such license is necessary to make, use, sell, or

12  offer to sell in the United States, or import into the United States, any accused product, and deny all

13  other allegations in this paragraph.  To the extent such allegations are not directed at the Energizer

14  Defendants, no answer is required.

15      12.    The Energizer Defendants aver that Eveready is a source of some design

16  specification for the Energizer Hardcase Lantern TUF4D1H Model No. 402-412 and engages in

17  some quality assurance activities in relation thereto.  The remaining allegations in this paragraph

18  are denied as they pertain to the Energizer Hardcase Lantern TUF4D1H Model No. 402-412.  The

19  Energizer Defendants aver that the term "Accused Products" as used in the Complaint is uncertain.

20  Except as averred, the Energizer Defendants lack sufficient information to form a belief as to the

21  truth or falsity of the remaining allegations of this paragraph and therefore deny the same.  To the

22  extent the allegations in this paragraph are not directed at the Energizer Defendants, no answer is

23  required.

24      13.    Admitted that Eveready possesses some manufacturing process information for the

25  Energizer Hardcase Lantern TUF4D1H Model No. 402-412.  The Energizer Defendants aver that

26  the term "Accused Products" as used in the Complaint is uncertain.  Except as averred, the

27  Energizer Defendants lack sufficient information to form a belief as to the truth or falsity of the

28

remaining allegations of this paragraph and therefore deny the same.  To the extent the allegations in this paragraph are not directed at the Energizer Defendants, no answer is required.

14.   Paragraph 14 contains a legal conclusion to which no answer is required.  To the extent the allegations in this paragraph are not directed at the Energizer Defendants, no answer is required.  To the extent that a response is required, the allegations in paragraph 14 are denied.

15.   Admitted that Defendant Energizer Holdings Inc. received a letter dated September 23, 2004, which purported to notify it of the '184 patent process.   All other allegations in paragraph 15 are denied.   To the extent the allegations in this paragraph are not directed at the Energizer Defendants, no answer is required.

16.   The Energizer Defendants aver that Eveready and/or at least one of its subsidiaries have designed, manufactured and imported products that have plastic housings including more than one plastic layer and that are offered for sale and/or sold in the United States and in this District by Eveready and/or at least one of its subsidiaries.  The Energizer Defendants deny that any such product is manufactured through processes that infringe upon the '184 patent.  Except as averred, the Energizer Defendants deny all allegations of paragraph 16.  To the extent the allegations in this paragraph are not directed at the Energizer Defendants, no answer is required.

17.   Denied.

18.   Admitted that the Energizer Defendants have not obtained a license under the '184 patent.  The Energizer Defendants deny that any such license is necessary to make, use, sell, or offer to sell in the United States, or import into the United States, any of their products accused of infringement by Sorensen, and deny all other allegations in this paragraph.  To the extent such allegations are not directed at the Energizer Defendants, no answer is required.

19.   Paragraph 19 contains legal conclusions to which no answer is required.  To the extent that a response is required, the Energizer Defendants admit only that Energizer received a letter dated September 23, 2004 from a purported representative of plaintiff that was accompanied by purported claim charts and drawings, but deny all other allegations in paragraph 19.   To the extent the allegations in this paragraph are not directed at the Energizer Defendants, no answer is required.

1    20.    Paragraph 20 contains legal conclusions to which no answer is required.  To the
2 extent that a response is required, the Energizer Defendants deny the allegations of paragraph 20,
3 except that they admit that the letter referenced in responsive paragraph 15 appended a copy of the
4 '184 patent as well as purported claim charts and drawings and that representatives of plaintiff and
5 representatives of the Energizer Defendants engaged in subsequent correspondence.  To the extent
6 the allegations in this paragraph purport to characterize the content of the September 23, 2004 letter
7 and attachments thereto and subsequent correspondence between representatives of plaintiff and
8 representatives of the Energizer Defendants, the Energizer Defendants refer to those documents,
9 which speak for themselves.  To the extent the allegations in this paragraph are not directed at the
10 Energizer Defendants, no answer is required.

11    21.    To the extent this allegation references the contents of the letter dated September 23,
12 2004 and referenced in responsive paragraph 15, the Energizer Defendants refer to the document,
13 which speaks for itself.   All other allegations in paragraph 21 are denied.  To the extent the
14 allegations in this paragraph are not directed at the Energizer Defendants or contain legal
15 conclusions, no answer is required.

16    22.    Paragraph 22 contains legal conclusions to which no answer is required.  To the
17 extent the allegations in this paragraph are not directed at the Energizer Defendants, no answer is
18 required.  To the extent that a response is required, the allegations in paragraph 22 are denied as to
19 the Energizer Hardcase Lantern TUF4D1H Model No. 402-412.  The Energizer Defendants aver
20 that the term "Accused Products" as used in the Complaint is uncertain.  Except as averred, the
21 Energizer Defendants lack sufficient information to form a belief as to the truth or falsity of the
22 remaining allegations of this paragraph and therefore deny the same.

23    23.    Paragraph 23 contains legal conclusions to which no answer is required.  To the
24 extent the allegations in this paragraph are not directed at the Energizer Defendants, no answer is
25 required.  To the extent that a response is required, the Energizer Defendants incorporate by
26 reference their response to paragraph 21, but otherwise aver that the term "Accused Products" as
27 used in the Complaint is uncertain.  Except as averred, the Energizer Defendants lack sufficient
28

information to form a belief as to the truth or falsity of the remaining allegations of this paragraph and therefore deny the same.

24. Denied. To the extent the allegations in this paragraph are not directed at the Energizer Defendants, no answer is required.

25. Denied. To the extent the allegations in this paragraph are not directed at the Energizer Defendants, no answer is required.

26. Denied. To the extent the allegations in this paragraph are not directed at the Energizer Defendants, no answer is required.

27. Denied. To the extent the allegations in this paragraph are not directed at the Energizer Defendants, no answer is required.

28. Denied. To the extent the allegations in this paragraph are not directed at the Energizer Defendants, no answer is required.

29. Denied. To the extent the allegations in this paragraph are not directed at the Energizer Defendants, no answer is required.

## GENERAL DENIAL

The Energizer Defendants deny each and every allegation of Plaintiff's Complaint, including Sorensen's Prayer for Relief, that herein has been neither admitted nor controverted.

## AFFIRMATIVE DEFENSES

The Energizer Defendants assert the following defenses and reserve the right to further amend their Answer as additional information becomes available:

## FIRST AFFIRMATIVE DEFENSE

The Energizer Defendants do not and have not directly infringed, contributed to the infringement of, induced the infringement of, and/or willfully infringed any claim of the '184 Patent, either literally or under the Doctrine of Equivalents.

## SECOND AFFIRMATIVE DEFENSE

The '184 Patent is invalid by reason of having been issued in violation of the United States patent laws, Title 35 United States Code, including failure to meet the requirements for

patentability as specified in Sections 101, 102, 103, 112, and/or 132 thereof, and the Rules and Regulations of the Patent & Trademark Office relating thereto.

### THIRD AFFIRMATIVE DEFENSE

The relief sought by Sorensen is barred by the doctrine of laches.

### **COUNTERCLAIMS**

For their counterclaims against Sorensen, Energizer and Eveready allege as follows:

30. Counterclaim Plaintiff Energizer Holdings Inc. ("Energizer") is a corporation organized under the laws of Missouri, having a principal office located at 533 Maryville University Drive, St. Louis, Missouri 63141.

31. Counterclaim Plaintiff Eveready Battery Company, Inc. ("Eveready") is a corporation organized under the laws of Delaware, having a principal office located at 25225 Detroit Road, Westlake, Ohio 44145.

32. On information and belief, Counterclaim Defendant Jens E. Sorensen, as Trustee of the Sorensen Research and Development Trust ("Sorensen"), is a California resident, and the trustee of a trust organized according to California law.

### **JURISDICTION AND VENUE**

33. Energizer and Eveready's counterclaims arise under the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgment provisions of §§ 2201 and 2202 of Title 28 of the United States Code. This Court's jurisdiction over the subject matter of Energizer and Eveready's counterclaims is based on 28 U.S.C. § 1338 and the Declaratory Judgment Act.

34. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c). Personal jurisdiction over Sorensen is proper because, upon information and belief, Sorensen resides within this District and has voluntarily submitted to the jurisdiction of this District by filing the Complaint in this Court for patent infringement.

35. This Counterclaim is for declaratory judgment under the provisions of 28 U.S.C. §§ 2201 and 2202. An actual and substantial justiciable controversy exists between Energizer,

Eveready and Sorensen as to the validity of the '184 patent, and as to whether Energizer and Eveready have infringed or are infringing the '184 patent.

### COUNT I – DECLARATORY JUDGMENT OF NON-INFRINGEMENT

36. Energizer and Eveready restate the allegations contained in paragraphs 1 through 35 above and incorporate them by reference.

37. On information and belief, Energizer and Eveready have not directly infringed, contributed to the infringement of, actively induced the infringement of, and/or willfully infringed any claim of the '184 patent.

### COUNT II – DECLARATORY JUDGMENT OF INVALIDITY

38. Energizer and Eveready restate the allegations contained in paragraphs 1 through 37 above and incorporate them by reference.

39. On information and belief, the '184 patent is invalid by reason of having been issued in violation of the United States patent laws, Title 35 United States Code, including violations of Sections 101, 102, 103, 112, and/or 132 thereof, and the Rules and Regulations of the Patent & Trademark Office relating thereto.

### PRAYER FOR RELIEF

WHEREFORE, Energizer and Eveready pray for relief as follows:

A. That Plaintiff's Complaint be dismissed with prejudice against the Energizer Defendants in its entirety;

B. That judgment be entered for the Energizer Defendants and that Plaintiff take nothing;

C. For entry of judgment that United States Patent No. 4,935,184 is invalid, and/or not infringed by Energizer and Eveready, and that Sorensen is barred from charging infringement or instituting any legal action for infringement of the '184 patent against Energizer and Eveready or anyone acting in privity with them, including the

        divisions, subsidiaries, successors, assigns, agents, suppliers, manufacturers, contractors and customers of Energizer and Eveready;

D.    That Plaintiff be ordered to pay Energizer and Eveready's costs of suit in this action;

E.    That Plaintiff be ordered to pay Energizer and Eveready's attorneys' fees in this action pursuant to 35 U.S.C. § 285; and

F.    That Energizer and Eveready be awarded such other relief as this court deems just and proper.

If this matter proceeds to trial, Energizer and Eveready demand a trial by jury.

Dated:   January 31, 2008

Respectfully submitted,

DAVIS POLK & WARDWELL

By:   s/ Anthony I. Fenwick
      Attorney for Defendants
      Email: anthony.fenwick@dpw.com

Matthew B. Lehr (Bar No. 213139)
Anthony I. Fenwick (Bar No. 158667)
Veronica C. Abreu (Bar No. 251002)
David Lisson (Bar No. 250994)
1600 El Camino Real
Menlo Park, California  94025
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111

Attorneys for Defendants ENERGIZER HOLDINGS INC. and EVEREADY BATTERY COMPANY, INC.