Matthew B. Lehr (Bar No. 213139)
Anthony I. Fenwick (Bar No. 158667)
Veronica C. Abreu (Bar No. 251002)
David Lisson (Bar No. 250994)
DAVIS POLK & WARDWELL
1600 El Camino Real
Menlo Park, California  94025
Telephone:  (650) 752-2000
Facsimile:   (650) 752-2111

Attorneys for Defendants ENERGIZER
HOLDINGS INC. and EVEREADY BATTERY
COMPANY, INC.

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff,<br><br>v.<br><br>ENERGIZER HOLDINGS INC., a Missouri corporation; EVEREADY BATTERY COMPANY, INC.; and DOES 1-100,<br><br>Defendants. | Case No.:  07 CV 2321 BTM (CAB)<br><br>DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY PENDING OUTCOME OF REEXAMINATION PROCEEDINGS<br><br>Date: March 14, 2008<br>Time: 11:00<br>Courtroom 15, 5th Floor<br>Hon. Barry Ted Moskowitz<br><br>NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT |

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY PENDING OUTCOME OF REEXAMINATION PROCEEDINGS**

Defendants Energizer and Eveready hereby ask the Court to stay this case while the United States Patent & Trademark Office ("PTO") reexamines the validity of the patent-in-suit, just as this Court has already stayed other litigation concerning that patent during the pendency of reexamination proceedings.

A third party request for *ex parte* reexamination of Plaintiff Sorensen's U.S. Patent No. 4,935,184 ("the '184 Patent") was filed with the PTO on July 30, 2007 (hereinafter, the "first request for reexamination").  In view of the first request for reexamination, this Court, by order

1

dated September 10, 2007, stayed Plaintiff's patent infringement lawsuit against a group of defendants including the Black and Decker Corporation,[1] concluding that even though that lawsuit had been pending for approximately one year, a stay was appropriate "to avoid the risk of unnecessary litigation and to permit the clarification of issues before this Court." *Sorensen v. Black & Decker et al.*, Case No. 06cv1572 BTM (CAB), Doc. #243 (S.D. Cal. Sept. 10, 2007) (the "September 10 Stay Order"), at p. 10.[2] Notwithstanding Plaintiff's argument to this Court that the PTO was unlikely to grant reexamination,[3] on October 11, 2007 the PTO did exactly that, citing no less than seven separate prior art references as raising "a substantial new question of patentability" regarding claims of the '184 patent. *See Sorensen v. Black & Decker*, Doc. #258 (S.D. Cal. Oct. 17, 2007) (the "Reexamination Order").[4] On December 21, 2007 a second third party request for reexamination (hereinafter, the "second request for reexamination") of the '184 Patent was filed, citing six additional prior art references.[5]

Since the Reexamination Order, Plaintiff Sorensen has filed approximately 15 new cases alleging infringement of the '184 Patent, including approximately 11 new cases in this District.[6]

The reasoning of this Court set forth in its September 10 Stay Order in *Sorensen v. Black & Decker* confirms the appropriateness of a stay in *this case* pending the completion of the PTO's reexamination of the '184 patent. Indeed, the arguments for a stay are even more compelling here because this case is barely underway,[7] the PTO has by now granted the first request for reexamination, and six additional potentially invalidating prior art references have been identified in the second request for reexamination.

---

[1] Case No. 06cv1572 BTM (CAB), hereinafter "*Sorensen v. Black & Decker*".

[2] Exhibit 1 to the accompanying Declaration of Veronica Abreu In Support of Motion To Stay Pending Outcome of Reexamination Proceedings ("Abreu Decl.").

[3] *See* September 10 Stay Order, at fn. 2.

[4] Abreu Decl., Ex. 2.

[5] Abreu Decl., Ex. 3. The PTO has yet to rule on the second request for reexamination.

[6] Judge White of the Northern District of California stayed one of those cases on January 16, 2008. *Sorensen v. Digital Networks North Am. Inc.*, Case No. C 07-05568 JSW, Doc. # 39 (N.D. Cal. Jan. 16, 2008) (Abreu Decl. Ex. 4).

[7] Defendants are filing their answer and counterclaims contemporaneously with this motion.

**A.    STANDARD FOR A STAY PENDING REEXAMINATION PROCEEDINGS**

Courts have the inherent power and discretion to stay litigation proceedings pending the conclusion of a PTO reexamination. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). Indeed, there is a "liberal policy" in favor of granting motions to stay litigation pending the outcome of PTO reexamination proceedings. September 10 Stay Order, at 5; *Photoflex Prods., Inc. v. Circa 3 LLC*, 2006 U.S. Dist. LEXIS 3773, at *2-3 (N.D. Cal. May 24, 2006). "A stay is particularly justified where," as here, "the outcome of the reexamination would be likely to assist the court in determining validity and, if the claims were cancelled in the reexamination, would eliminate the need to try the infringement issue." *In re Cygnus Telecomm. Tech., LLC Patent Litig.*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005); *see also, Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983), *cert denied*, 464 U.S. 935 (1983) (reexamination procedure serves to eliminate trial when the claim is cancelled).

In determining whether to grant a stay pending reexamination by the PTO, courts generally consider three factors: (1) the stage of litigation, i.e., whether discovery is almost complete and whether a trial date has been set; (2) whether a stay would cause undue prejudice or present a clear disadvantage to the non-moving party; and (3) whether a stay will simplify the issues in question and trial of the case. *See, e.g.,* September 10 Stay Order, at 5; *Photoflex Prods., Inc.,* 2006 U.S. Dist. LEXIS 37743, at *3. All three factors heavily favor a stay in this case.

**B.    THE LITIGATION IS IN ITS PRELIMINARY STAGES**

This case, filed less than two months ago, is in the nascent stages of litigation. Defendants are filing their answer concurrently with this motion. The initial case management conference has not yet taken place – much less any discovery. This case is at a much earlier stage of litigation than the *Sorensen v. Black & Decker* case which has already been stayed by this Court pending reexamination of the '184 Patent. *See* September 10 Stay Order, at 5 (granting a stay despite the "substantial amounts of discovery" which had already taken place).

One PTO reexamination of the '184 patent has already begun and will potentially eliminate the only claim Plaintiff has identified as being asserted against the Defendants. A second reexamination has been requested. Allowing the PTO to continue its work while this case is stayed

will "avoid[] the needless waste of resources before this Court." *See* September 10 Stay Order, at 9; *Broadcast Innovation, L.L.C. v. Charter Communic'ns, Inc.*, No. 03-cv-2223-ABJ-BNB, 2006 U.S. Dist. LEXIS 46623, at *9-10 (D. Colo. July 11, 2006). Accordingly, this factor weighs heavily in favor of a stay. *See KLA-Tencor Corp. v. Nanometrics, Inc.*, 2006 U.S. Dist. LEXIS 15754, at *6 (N.D. Cal. Mar. 16, 2006).

C.   **A STAY WOULD PREVENT, RATHER THAN CAUSE, UNDUE PREJUDICE OR DISADVANTAGE TO THE PARTIES**

   1.   *A Stay Will Benefit, Rather than Unduly Prejudice, the Parties.*

A stay in this case will not unduly prejudice or disadvantage Plaintiff. "This factor is best summarized by one question: do the Plaintiffs have an adequate remedy at law?" *See, e.g. Broadcast Innovation*, 2006 U.S. Dist. LEXIS 46623, at *32. The resounding answer in this case is "yes." To begin with, the '184 Patent expires in five days.[8] That impending expiration ensures that Plaintiff has an adequate remedy at law, since: (1) he would not forego any meaningful injunctive relief in the event this case is stayed pending reexamination; and (2) if the PTO does not invalidate the asserted claim of the '184 Patent, Sorensen will be able to pursue monetary damages for any infringement alleged to have occurred prior to the patent's expiration. *Id., citing Laitram Corp. v. NEC Corp.*, 163 F.3d 1342, 1346 (Fed. Cir. 1998).

Nor may Sorensen reasonably claim that a stay pending reexamination proceedings would unduly prejudice him by delaying an award of monetary damages.[9] Courts have consistently held that such a delay does not, in and of itself, constitute undue prejudice. *See, e.g., Photoflex Prods., Inc.*, 2006 U.S. Dist. LEXIS 37743, at *7; *Nanometrics, Inc. v. Nova Measuring Instruments Ltd.*, 2007 U.S. Dist. LEXIS 18785, at *9 (N.D. Cal. Feb. 26, 2007). In any event, an award of prejudgment interest would fully compensate Plaintiff for a delay in collecting any damages to which he may be entitled. Indeed, this Court has already determined that the "general prejudice of [Sorensen] having to wait for resolution is not a persuasive reason to deny the motion for stay."

---

[8] The '184 Patent is set to expire February 5, 2008. *See* U.S. Patent No. 4,935,184 (continuation of abandoned application Serial No. 07/152.670, which was filed on February 5, 1988) and 35 U.S.C. 154(a)(2).

[9] Reexamination proceedings take, on average, approximately 18-23 months to conclude. *See* Abreu Decl. Ex. 5 (PTO Reexamination Statistics).

September 10 Stay Order, at 7. This conclusion is especially apt here where only one patent is asserted and any delay is offset by the benefit inherent in ascertaining whether there is *any* need for litigation. *Nanometrics*, 2007 U.S. Dist. LEXIS 18785, at *10.

Rather than prejudicing any party, the timeliness of this motion has the potential to benefit all parties by preventing the unnecessary expenditure of resources. As stated by the court in *Broadcast Innovation*,

> If the PTO does not invalidate or otherwise alter the claims of the [patent], the Plaintiffs' legal remedy remains unaffected…. Moreover, if the claims are narrowed, both sets of parties will have benefited by avoiding the needless waste of resources before this Court, and again, the Plaintiffs will be able to pursue their claim for money damages at trial. Finally, if the claims are strengthened, the Plaintiffs' position will be as well, and their likelihood of monetary damages will increase.

*Broadcast Innovation*, 2006 U.S. Dist. LEXIS 46623, at *32-33.

2.   ***Defendants Will be Unduly Prejudiced if a Stay is Denied***

In contrast, Defendants face substantial prejudice if this Court denies this motion for a stay. As the Federal Circuit has held, the PTO is not bound by decisions of this court when conducting its reexamination proceedings. *In re Trans Texas Holdings Corp.,* 498 F.3d 1290, 1296-98 (Fed. Cir. 2007). If this case proceeds pending the reexaminations, there is a risk that Defendants may be ordered to pay damages for infringement of a patent that the PTO later determines is invalid. Substantial prejudice could therefore result, since Defendants may not be able to recover such damages after the PTO concludes that the asserted claim is invalid. *See* September 10 Stay Order, at 7; *Bausch & Lomb, Inc. v. Alcon Lab., Inc.*, 914 F. Supp. 951, 952 (W.D.N.Y. 1996). A stay will ensure that this highly prejudicial scenario does not occur.

**D.   A STAY WILL SIMPLIFY THE ISSUES IN QUESTION AND POSSIBLY ELIMINATE NEED FOR FURTHER LITIGATION**

A stay will significantly simplify the issues in question and ensure that any judicial and party resources are spent only if trial is *necessary*. "One purpose of the reexamination procedure is to eliminate trial … (when the claim is cancelled) or to facilitate trial of [the issue of invalidity] by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceedings)." *Gould*, 705 F.2d at 1342. Additional benefits of staying the litigation pending the PTO's reexamination proceedings include:

5

1. Many discovery problems relating to prior art can be alleviated by the PTO examination.

2. The outcome of the reexamination may encourage a settlement without the further use of the Court's time and resources.

3. The record of reexamination would likely be entered at trial, thereby reducing the complexity and length of the litigation.

4. Issues, defenses, and evidence will be more easily limited in final pretrial conferences after a reexamination.

5. The cost will likely be reduced both for the parties and the Court.

*Broadcast*, 2006 U.S. Dist. LEXIS 46623, at *9-10, *citing Emhart Indus., Inc. v. Sankyo Seiki Mfg. Co.*, 3 U.S.P.Q.2d 1889, 1890 (N.D. Ill. 1987).

In granting the first request for reexamination, the PTO determined that the previously unconsidered prior art gives rise to substantial new questions of patentability. *See* Reexamination Order, at 4-14. In view of that preliminary determination, there is a substantial likelihood that the PTO will find that the asserted claim of the '184 Patent is invalid.[10] Should the PTO grant the second request for reexamination, invalidation will be even more likely. Because the '184 Patent will expire on February 5, 2008, Sorensen will not be permitted to amend claim 1 to overcome a determination that it is invalid in view of the prior art. *See* 37 C.F.R. §1.530(j) (2007); *Manual of Patent Examining Procedure* §2250(III) (Exhibit 6 to the Declaration of Veronica Abreu In Support of Motion To Stay Pending Outcome of Reexamination Proceedings). Any such determination by the PTO will therefore effectively invalidate the asserted claim, thus eliminating the need for any discovery, pretrial proceedings or trial in this case.

At a minimum, since the prior art in the reexamination proceedings was not before the PTO during the patent's original prosecution, the Court will benefit from the PTO's analysis should this Court have to determine the validity of the reexamined claims. *Broadcast*, 2006 U.S. Dist. LEXIS 46623, at *22-23; September 10 Stay Order, at 9.

---

[10] Statistics show the validity of all claims is confirmed only 29% of the time when reexamination is requested by a third party. *See* September 10 Stay Order, at 9. That percentage may decrease in view of the Supreme Court's recent decision in *KSR Int'l Co. v. Teleflex Inc.*, 127 S. Ct. 1727 (2007), concerning the standard for establishment of non-obviousness.

### E. CONCLUSION

When it provided for reexamination proceedings, Congress explained that, "it is anticipated that these measures provide a useful and necessary alternative for challengers and patent owners to test the validity of United States patents in an efficient and relatively inexpensive manner." H.R. REP. No. 96-1307 pt. 1, at 4 (1980), *reprinted in* 1980 U.S.C.C.A.N. 6460-6463.  There could hardly be a more appropriate case than this one in which to allow this alternative process to play out.  Given that discovery has yet to begin, a stay has the potential to prevent the unnecessary expenditure of significant court and party resources.  A stay would benefit, rather than prejudice, the parties.  For the foregoing reasons, this Court should order this case stayed pending completion of the PTO's reexamination of the '184 patent.

Dated:   January 31, 2008

Respectfully submitted,

DAVIS POLK & WARDWELL

By:   s/ Anthony I. Fenwick
       Attorney for Defendants
       E-mail: anthony.fenwick@dpw.com

Matthew B. Lehr (Bar No. 213139)
Anthony I. Fenwick (Bar No. 158667)
Veronica C. Abreu (Bar No. 251002)
David Lisson (Bar No. 250994)
1600 El Camino Real
Menlo Park, California  94025
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111

Attorneys for Defendants ENERGIZER HOLDINGS INC. and EVEREADY BATTERY COMPANY, INC.