Matthew B. Lehr (Bar No. 213139)
Anthony I. Fenwick (Bar No. 158667)
Veronica C. Abreu (Bar No. 251002)
David Lisson (Bar No. 250994)
DAVIS POLK & WARDWELL
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile: (650) 752-2111

Attorneys for Defendants ENERGIZER
HOLDINGS INC. and EVEREADY BATTERY
COMPANY, INC.

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST, <br><br> Plaintiff, <br><br> v. <br><br> ENERGIZER HOLDINGS INC., a Missouri corporation; EVEREADY BATTERY COMPANY, INC.; and DOES 1-100, <br><br> Defendants. | Case No.: 07 CV 2321 BTM (CAB) <br><br> **DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY PENDING OUTCOME OF REEXAMINATION PROCEEDINGS** <br><br> Date: March 14, 2008 <br> Time: 11:00 a.m. <br> Courtroom 15, 5th Floor <br> Hon. Barry Ted Moskowitz <br><br> NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT |

## I. INTRODUCTION.

Plaintiff fails to differentiate this case from three other cases which this Court has already stayed pending the reexamination of U.S. Patent No. 4,935,184 ("the '184 patent").[1]

Plaintiff's fifteen-page opposition brief boils down to: (1) repetition of arguments already rejected by this Court when it stayed other '184 patent cases; and (2) unreasonable, speculative and self-serving projections regarding the *future* duration of PTO reexaminations, misleadingly

---

[1] *Sorensen v. Giant Int'l, et al.* ("*Giant*"), Case No. 07-cv-2121 BTM (CAB), Doc. #28 (S.D. Cal. Feb. 28, 2008); *Sorensen v. Helen of Troy, et al.* ("*Helen of Troy*"), Case No. 07-cv-2278 BTM (CAB), Doc. # 26 (S.D. Cal. Feb. 28, 2008); and *Sorensen v. Black & Decker et al.* ("*Black & Decker*"), Case No. 06-cv-1572 BTM (CAB), Doc. #243 (S.D. Cal. Sept. 10, 2007).

presented in the Summary sections of Plaintiff's brief as historical fact. *See, e.g.*, Opposition Brief at pp. 1 and 3. Plaintiff's conjectures do not justify taking a different course in this case than this Court has taken in *Black & Decker*, *Giant*, and *Helen of Troy*.

The benefits of a stay are concrete and undeniable. Given the proliferation of '184 patent cases Plaintiff has filed before this Court, including some 22 separate cases involving at least as many different sets of parties,[2] the judicial economy based arguments for a stay are far more compelling than in the typical case of PTO reexamination of a patent in litigation. As this Court has already acknowledged, a stay would simplify the issues in question and ensure that court and party resources are spent only if trial is *necessary*.[3] Accordingly, this Court should stay this case pending the PTO's reexamination of the '184 patent.

## II. PLAINTIFF'S CLAIM OF UNDUE PREJUDICE COLLAPSES UNDER SCRUTINY.

In attempting to establish undue prejudice, Plaintiff points to: (1) a "closer examination"[4] of the <u>same</u> raw data concerning reexamination proceedings that was available to this Court during the pendency of previous motions to stay cases alleging infringement of the '184 patent; and (2) generic speculations about loss of evidence that mirror those thrice rejected by this Court.[5] Neither argument demonstrates any prejudice beyond that which this Court has already deemed insufficient to preclude a stay.[6] Plaintiff's "new" assertions regarding the likely duration of a reexamination are speculative and built upon demonstrably unreasonable and self-serving assumptions. Plaintiff's argument regarding loss of evidence is untethered to any specific facts concerning this case.

### A. *Plaintiff's analysis of PTO statistics is unpersuasive and contradicted by the PTO's own statements*.

Rather than offer new facts that would justify a departure from precedent, Plaintiff merely repackages the <u>same</u> raw data that was publicly available during the pendency of the motions to

---

[2] Plaintiff's Opposition to Defendants' Motion to Stay Pending Outcome of Reexamination Proceedings ("Opposition Brief"), Doc. # 28, at 2.

[3] *See Giant,* Doc. #28; *Helen of Troy,* Doc. #26; *Black & Decker*, Doc. #243.

[4] Opposition Brief, at 5.

[5] *See Giant,* Doc. #28; *Helen of Troy,* Doc. #26; *Black & Decker*, Doc. #243.

[6] *See Giant,* Doc. #28; *Helen of Troy,* Doc. #26; *Black & Decker*, Doc. #243.

2

stay in *Giant* and *Helen of Troy*.[7]  Plaintiff's claim that its "closer examination of the raw data"[8] warrants denial of a stay in this case is both analytically and legally flawed.

To begin with, Plaintiff fails to identify a single reexamination that has *actually* taken five years or longer to complete.  Instead, Plaintiff relies on its own self-serving projection of a five year going forward "average," without any consideration to the particulars of the reexamination of the '184 patent.

Even more tellingly, however, Plaintiff's calculation unjustifiably assumes that the PTO's resources and productivity will remain static in the face of changing demands,[9] ignoring not just contrary historical data but also the PTO's own contrary statements about its plans and objectives. The raw data cited by Plaintiff shows, for example, that the PTO granted 174 *more* certificates in 2007 than it did in 2003, suggesting substantially increased resources and productivity in the area of reexamination proceedings over that period.[10]  More importantly, recent statements by the PTO's director confirm the PTO's intention to complete reexamination proceedings within *two years* (not the five years postulated by Plaintiff) and to continue to increase its resources in order to meet its goals.[11]

Aside from being analytically flawed, Plaintiff's conjecture about the possible length of the PTO reexamination of the '184 patent is legally unavailing.  Plaintiff cites <u>no</u> case in which another

---

[7] The same data, with the exception of data from fiscal year 2007, was available when the Court considered the motion to stay in *Black & Decker*.
[8] Opposition Brief, at 5.
[9] Plaintiff divides his purported backlog of 1,658 cases by the number of certificates issued in 2007 (367) to arrive at approximately 4.5 years.  Declaration of Melody A. Kramer In Support of Opposition To Defendants' Motion To Stay Pending Outcome Of Reexamination Proceedings ("Kramer Decl."), at ¶9.
[10] *See* Kramer Decl., at ¶10.
[11] Exhibit 1 to the accompanying Declaration of Veronica Abreu In Support of Reply Memorandum of Points and Authorities in Support of Motion To Stay Pending Outcome of Reexamination Proceedings.  The Director of the PTO, Jon W. Dudas, testified that the PTO hired 1,215 additional patent examiners in 2007, and plans to hire an additional 1,200 patent examiners per year going forward.  *USPTO Oversight Hearing: Hearing Before the Subcomm. on Courts, the Internet, and Intellectual Property*, 110th Cong. (Feb. 27, 2008) (statement of Jon W. Dudas, Under Secretary of Commerce for Intellectual Property and Director of the United States Patent Office), at 3.  Mr. Dudas further testified that the PTO aims to close prosecution on all ex-parte reexaminations within <u>two years</u> of filing.  *Id.* at 12.

court has denied a motion to stay because of the length of reexamination proceedings.  Indeed, the case upon which Plaintiff heavily relies, *NTP, Inc.*, advises *against* the course Plaintiff advocates. The *NTP* court admonished that "any attempt at suggesting a likely time frame and outcome of the PTO reexamination process is merely speculation."  *NTP, Inc. v. Research in Motion, Ltd.*, 397 F. Supp. 2d 785, 788 (E.D. Va. 2005) (denying a stay because the litigation, which was on remand on certain issues following a jury verdict and appeal, was too far advanced).

###    B.    *Plaintiff's assertions of undue prejudice are generic and speculative.*

Plaintiff fails to identify a single fact indicating it would actually suffer undue prejudice if this case is stayed.  Rather, Plaintiff alludes to vague concerns about the *possible* loss of evidence by the Energizer Defendants[12] and parties that it *might* add or substitute in this case.  These speculations merely reprise the arguments already rejected by this Court in *Black & Decker*, *Giant*, and *Helen of Troy*.  They should likewise be rejected here.

Plaintiff makes no showing whatsoever as to any risk of loss of evidence by the Energizer Defendants.  Plaintiff's reliance on *Telemac* is therefore inapposite.  *See Telemac Corp. v. Teledigital, Inc. et al.*, 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006) (*documented* failure to preserve evidence suggested that a stay could lead to further loss of information).  If a genuine, documented issue regarding the preservation of evidence arises in the future, Plaintiff can, at that time, move for an exception to the stay.  *See, e.g.*, *Giant*, Doc. #27 ("any party may apply to the Court for an exception to the stay if it has *specific, valid reasons* to believe that it needs to obtain discovery in order to preserve evidence that will otherwise be unavailable after the stay") (emphasis added).

Likewise, the mere *possibility* that Plaintiff *might* add or substitute a party does not create undue prejudice in this case.  Nearly identical arguments were considered and rejected in *Giant* and *Helen of Troy*.[13]  Plaintiff does not articulate any <u>fact</u> making the addition or substitution of parties

---

[12] The "Energizer Defendants" denotes Energizer Holdings Inc. and Eveready Battery Company, Inc.

[13] *See Giant*, Doc. #22, at 7-8; *Giant*, Doc. #28; *Helen of Troy*, Doc. #19, at 5-6; *Helen of Troy*, Doc. # 26.

1    any more likely in this case than in *Black & Decker*, *Giant*, or *Helen of Troy*. Accordingly, this

2    argument is no barrier to the issuance of an order staying this case.

3    **III.    DEFENDANTS ARE NOT ESTOPPED FROM REQUESTING A STAY.**

4          Plaintiff's argument that Defendants are estopped from requesting a stay because they

5    counterclaimed for a declaratory judgment was already rejected by this Court in *Giant*.[14]  It should

6    likewise be rejected here.

7          A contrary ruling would bar declaratory judgment plaintiffs from *ever* obtaining a stay.

8    Such a holding is particularly unwarranted where, as here, the request for a declaratory judgment is

9    a compulsory counterclaim that would be barred if unasserted. FED. R. CIV. P. 13(a).  Accordingly,

10   this Court should follow its holding in *Giant* and reject Plaintiff's estoppel argument in this case.

11   **IV.    CONCLUSION.**

12         Plaintiff has filed 22 cases in this Court alleging infringement of the '184 patent currently

13   subject to a PTO reexamination.  The Court has already granted stays in three of those cases.

14   Plaintiff fails to set forth a single <u>fact</u> that would warrant differentiating this case from those in

15   which a stay has been granted.  Accordingly, for the foregoing reasons and the reasons stated in

16   their opening brief, Defendants request that this case be stayed pending completion of the PTO's

17   reexamination of the '184 patent.

18         Finally, with respect to the timing of the Court's consideration of this motion, the Energizer

19   Defendants respectfully call to the Court's attention three upcoming deadlines, set by the Notice

20   and Order For Early Neutral Evaluation of Patent Cases filed in this case on February 4, 2008, that,

21   in the absence of a stay order, may require an expenditure of judicial and party resources: (1) the

22   parties are required to file written Early Neutral Evaluation conference ("ENE") statements by

23   March 21, 2008; (2) the ENE conference before Magistrate Judge Bencivengo is scheduled for

24   March 28, 2008; (3) no later than 7 days prior to that conference, the parties are to meet and confer

25   to address a range of topics concerning the conduct of the case pursuant to FED. R. CIV. P. 26(f).

26

27

28

---

[14] *See Giant*, Doc. #22 and *Giant,* Doc. #28.

5

1    Dated:   March 6, 2008                    Respectfully submitted,

2                                              DAVIS POLK & WARDWELL

3

4                                              By:   s/ Veronica Abreu
                                                     Attorney for Defendants
5                                                    E-mail: veronica.abreu@dpw.com

6    Matthew B. Lehr (Bar No. 213139)
     Anthony I. Fenwick (Bar No. 158667)
7    Veronica C. Abreu (Bar No. 251002)
     David Lisson (Bar No. 250994)
8    1600 El Camino Real
     Menlo Park, California  94025
9    Telephone: (650) 752-2000
     Facsimile:  (650) 752-2111
10

11   Attorneys for Defendants ENERGIZER
     HOLDINGS INC. and EVEREADY BATTERY
12   COMPANY, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO.: 07cv2321